# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BILLY J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-5440 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF KANKAKEE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a former police officer with the Kankakee Police Department, alleges that Defendant harassed him, retaliated against him, and discharged him in violation of 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.*; and the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 *et seq.* Defendant moves to dismiss [19] for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406. For the reasons stated below, the Court grants Defendant's motion in part and denies in part. The Clerk is directed to transfer this case to the Central District of Illinois.

**I.     Background**

Plaintiff alleges that Defendant violated Title VII and the ADA by harassing him, retaliating against him, and ultimately terminating him from his position as a police officer with the Kankakee Police Department on the basis of his African-American race and because of he suffered from PTSD. He alleges that he was terminated without notice or a hearing in violation of the due process clause. He also alleges that he was discharged in retaliation for reporting

illegal conduct by various Kankakee employees to the FBI. He alleges that this retaliatory discharge violated the IWA and § 1983, insofar as he was exercising his first amendment rights.

The City of Kankakee, located in the Central District of Illinois, mailed Plaintiff a discharge letter to his home in Cook County, located in the Northern District of Illinois. Plaintiff also alleges that he suffered the effects of the discrimination and retaliation at his home in the Northern District.

## II.   Legal Standard

A court may dismiss a case for improper venue under Rule 12(b)(3). Under Rule 12(b)(3), a plaintiff bears the burden to establish that venue is proper. See *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842 (N.D. Ill. 2006); *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). The Court assumes the truth of a plaintiff's allegations, unless they are contradicted by a defendant's affidavits, and all reasonable inferences are drawn in favor of the plaintiff. See *Digan v. Euro-American Brands, LLC*, 2010 U.S. Dist. LEXIS 86751, at *5 (N.D. Ill. Aug. 19, 2010); *AGA*, 467 F. Supp. 2d at 842. Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.   Analysis

Defendant moves to dismiss pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), arguing that Plaintiff brings his Title VII and ADA claims in an improper venue. Title VII and ADA claims have their own venue provision, which is narrower than 28 U.S.C § 1391, the general federal venue provision. See 42 U.S.C. § 2000e-5(f)(3), incorporated by 42 U.S.C § 12117(a);

*Thomas v. Exxon Mobil Oil Corp.*, 2007 WL 489225, at *4 (N.D. Ind. Feb. 8, 2007); *Gwin v. Reynolds & Reynolds Co.*, 2001 WL 775969, at *1 (N.D. Ill. July 10, 2001). Under the venue provision applicable to Title VII and the ADA, a claim may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3), incorporated by 42 U.S.C § 12117(a). If a defendant is not found within any such district, an action may be brought where the defendant has its principal office. *Id.*

The parties agree that if venue is proper in this district, it must be because "the unlawful employment practice is alleged to have been committed" here. *Id.* The second and third prongs of the statute create venue only in the Central District, as Defendant's employment records are located in Kankakee, and Plaintiff would have continued working in Kankakee but for Defendant's conduct. Plaintiff argues that venue exists in the Northern District under the first prong because (1) he received the termination letter at home in Cook County where (2) he felt the effects of Defendant's conduct. The Court is unpersuaded. Under the first statutory prong, venue only exists where "the unlawful employment practice is alleged *to have been committed*." *Id.* (emphasis added). The plain language of this prong focuses on "the place where the decisions and actions concerning the employment practices occurred," not the location where a plaintiff received notice of Defendant's conduct or suffered from its effects. *Hayes v. RCA Serv. Co.,* 546 F.Supp. 661, 664 (D.D.C. 1982); accord *Cox v. Nat'l Football League*, 1997 WL 619839, at *2 (N.D. Ill. Sept. 29, 1997); see also *Kapche v. Gonzales*, 2007 WL 3270393, at *4 n.4 (S.D. Tex. Nov. 2, 2007) ("Under the plain language of section 2000e-5(f) (3), the location

where improper discriminatory conduct occurs rather than where its effects are felt is where venue properly lies."); *Whipstock v. Raytheon Co.*, 2007 WL 2318745, at *2 (E.D. Mich. Aug. 10, 2007) ("under the plain, unambiguous language of the statute, venue is proper only where the unlawful employment practice is alleged to have been committed, regardless of where its effects are felt."); *Carrothers v. Noblestar Sys. Corp.*, 2006 WL 734347, at *2 (S.D. Tex. Mar. 21, 2006) ("Plaintiffs essentially rely on the fact that the alleged wrongful harassment and retaliation were communicated to Carrothers while she lived in Galveston. This is not sufficient to confer venue pursuant to the first prong of 42 U.S.C. § 2000e-5(f)(3)."). Plaintiff's argument—which effectively shifts the statute's focus from the workplace to Plaintiff's residence—is unsupported by the plain language of the statute. Moreover, taken to its logical extreme, his notice argument would create venue anywhere where a plaintiff received a termination phone call or email— again, an outcome that extends venue beyond the plain language of the statute.

In support of his argument for keeping this case in the Northern District of Illinois, Plaintiff cites *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493 (9th Cir. 2000), which involved a remote employee working from her home office in Washington for her employer in New Jersey. The plaintiff alleged discriminatory failure to promote, and the issue was whether the first statutory basis for venue existed in Washington, where the plaintiff felt the effects of the defendant's conduct, as opposed to New Jersey, where the defendant decided not to promote her. The Court noted that "[i]n general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." *Id.* at 504-05. From there, it reasoned that venue under the first prong existed in "both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt," making Washington a proper venue. *Id.* at 506. Key to the court's reasoning

4

was the fact that the plaintiff actually worked in Washington. In other words, the court found that she could sue from home because she worked from home. Plaintiff, in contrast, did not work remotely. He worked in the same location where Defendant committed the allegedly unlawful conduct. Neither the employment nor the discrimination at issue took place where he lived.

Plaintiff also cites *Pryor v. United Air Lines, Inc.*, 2013 WL 4506879 (N.D. Ill. Aug. 23, 2013), which involved a flight attendant based out of Virginia and an employer headquartered in Chicago. In language cited by Plaintiff, this Court noted that "the place where the decision was made, rather than the place where the employee felt the decision's effects, is the more pertinent situs." *Id.* at *7. Plaintiff's citation to *Pryor* is unpersuasive for two reasons. First, the quoted language did not address whether venue was proper under § 2000e-5(f)(3) but whether transfer would be convenient for the parties and in the interests of justice under § 1404(a). Second, the facts were distinguishable; the Court transferred the case to Virginia partly because the "effects of United's alleged harassment, discrimination, and retaliation were felt by Plaintiff [in Virginia] where she lived *and worked*, not in Chicago." *Id.*, at *7.

Plaintiff's citation to *Digan v. Euro-American Brands, LLC*, 2010 U.S. Dist. LEXIS 86751, at *2 (N.D. Ill. Aug. 19, 2010) is similarly unpersuasive. The employer there was located in New Jersey, and the plaintiff worked remotely from Illinois. The court concluded that venue was proper in Illinois as "it appears that Plaintiff lived and worked in Illinois, that she received notice of her termination here in Illinois, and that she would have continued to work in Illinois had she not been terminated." *Id.* at *3. *Digan* is distinguishable in that, first, the third statutory basis for venue existed and, second, she both lived and worked here. The fact that Plaintiff received notice of her termination in Illinois was only one among many factors creating venue.

5

Having found venue improper, the Court now considers whether to dismiss the case or transfer it. Section 1406(a) permits transfer to a venue where an action could have been brought and where it is in the interests of justice. All of Plaintiff's claims could have been brought in the Central District of Illinois. As explained above, Plaintiff's Title VII and ADA claims could have been brought in the Central District of Illinois under 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C § 12117(a). His remaining claims could have been brought in that same district under the general venue statute, 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred in Kankakee. See 28 U.S.C. § 1391(b)(2). Transfer to the Central District also is in the interests of justice, as it would conserve the court's and the parties' resources. See *Giles v. Cont'l Cas. Co.,* 2010 WL 481233, at *5 (S.D. Ill. Feb.5, 2010) (explaining that courts prefer transfer because it "avoids the 'time-consuming and justice-defeating technicalities' required to refile a case in [another] venue") (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); accord *Kuvedina, LLC v. Pai*, 2011 WL 5403717, at *6 (N.D. Ill. Nov. 8, 2011). Accordingly, the Court transfers this action to the Central District of Illinois.

**IV.   Conclusion**

For the reasons stated above, the Court grants in part and denies in part Defendants' motion to dismiss [19]. The Clerk is directed to transfer this case to the Central District of Illinois.

Dated: May 22, 2015

Robert M. Dow, Jr.
United States District Judge